UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GINNA QUINAYAS,                                                    :
                                                                   :
                              Plaintiff,                           :
                                                                   :       REPORT &
           -against-                                               :       RECOMMENDATION
                                                                   :
SMART TORTILLA LLC (d/b/a Smart Tortilla –                         :       24-CV-2823 (HG)(MMH)
Ser Valiente) and CARLOS IVAN REYES,                               :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ x
**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Ginna Quinayas, on behalf of herself and others similarly situated, brings this wage and hour "collective" action against Defendants Smart Tortilla LLC d/b/a Smart Tortilla – Ser Valiente ("Smart Tortilla") and Carlos Ivan Reyes, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the New York Labor Law, Art. 6 § 1 *et seq.* (the "NYLL"). (*See generally* Compl., ECF No. 1.)[1] Opt-in Plaintiff Norma Villanueva joined the action soon thereafter. (Consent Notice, ECF No. 8.) Before the Court is Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 17.) The Honorable Hector Gonzalez referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **denied without prejudice**, and that Plaintiffs should be granted thirty days to cure the deficiencies noted herein.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header except Plaintiff's memorandum of law (ECF No. 17-1), whose citations are to the page numbers in the footer of that document. Citations to the Local Civil Rules are to the Rules effective July 1, 2024, the operative Rules when Plaintiffs filed the motion for default judgment.

I.  **BACKGROUND**

The following facts are taken from the Complaint and the declarations in the motion papers and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Smart Tortilla is a New York "corporation"[2] in the food service business with a principal place of business at 25 Buena Vista Avenue, Second Floor, Lawrence, New York 11559 (the "Corporate Address"). (*See* Compl., ECF No. 1 ¶ 18.) Reyes, whom Smart Tortilla employees referred to as "Boss," is the "President, Chief Executive Officer, manager, principal, or agent of [Smart Tortilla] and possesses operational control over Smart Tortilla. (*Id.* ¶¶ 20–21.) Quinayas and Villanueva were employed at Smart Tortilla.

Specifically, Quinayas was employed by Defendants from March 2022 until September 2023 performing various tasks including production, cleaning, maintenance at Smart Tortilla's facilities and sales at its mobile unit. (*See id.* ¶¶ 15, 33.) Quinayas worked six days per week, Monday through Saturday, for approximately 45 hours per week from March 2022 to January 2023, and three to four days per week for 35 hours per week from February 2023 to September 2023. (*See id.* ¶ 33.) Throughout her employment, Quinayas was paid $300.00 per week for all hours worked and was not paid overtime wages for any hours worked over 40 per week, despite Defendants' agreement to pay her $17.00 per hour during the last two weeks of her

---

[2] The Complaint alleges that Smart Tortilla is a corporation, notwithstanding the presence of "LLC"—*i.e.*, the abbreviation for "limited liability company"—in its name and its registration as a limited liability company. "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search (enter "Smart Tortilla LLC" and select "Limited Liability Company") (last visited Mar. 14, 2025).

employment.  (*See id.* ¶¶ 2–4, 34–35.)  Villanueva was employed by Defendants from August 2022 until September 2023 as a saleswoman at Smart Tortilla's mobile food trailer.  (*See* Villanueva Decl., ECF No. 17-4 ¶ 4.)  She worked six days per week for 30 hours per week and was paid $300.00 per week, despite Defendants agreeing to pay her $18.00 per hour.  (*See id.* ¶¶ 9–11.)  Defendants did not provide either Plaintiff with accurate wage statements or pay notices as required by the NYLL.  (*See* Compl., ECF No. 1 ¶¶ 48–49; Villanueva Decl., ECF No. 17-4 ¶¶ 14–18.)

Quinayas initiated this suit on April 16, 2024, alleging: (1) failure to pay minimum wages and overtime wages under the FLSA and NYLL, and (2) failure to provide accurate wage statements and wage notices under the NYLL.  (*See generally* Compl., ECF No. 1 ¶¶ 50–67.)[3]  Quinayas served the summons and Complaint on Defendants on April 23, 2024.  (*See* Affs. of Service, ECF Nos. 10–11.)  On April 25, 2024, Norma Villanueva filed a "Consent to Sue" indicating her consent to join the action.  (Consent Notice, ECF No. 8.)  Four days later, Quinayas's counsel entered a Notice of Appearance for "all plaintiffs"; and in subsequent filings, counsel listed both Quinayas and Villanueva as plaintiffs in the case caption.  (*See* ECF No. 9.)

After Defendants failed to answer or otherwise respond to the Complaint, the Clerk of Court entered default against them.  (ECF No. 15.)  The Court ordered Plaintiffs to move for default judgment and directed Plaintiffs to serve the certificate of default and the Court's order directing same to Defendants and to file proof of service by June 11, 2024.  (June 4, 2024

---

[3] On the same date, the Court ordered Quinayas to show cause as to why the Court should not dismiss her NYLL wage notices and wage statements claims for lack of standing.  (*See* Apr. 16, 2024 Order.)  Quinayas responded to the Order to Show Cause on April 23, 2024.  (ECF No. 7.)

3

Order.)  Plaintiffs purportedly complied by filing an affidavit of service on June 11, 2024. (ECF No. 16.)[4]  Plaintiffs then moved for default judgment on July 8, 2024, seeking unpaid overtime and minimum wages, liquidated damages, statutory damages, pre-judgment interest, attorneys' fees, and costs.  (*See* Mem., ECF No. 17-1 at 15–19.)  The Honorable Hector Gonzalez referred the motion for a report and recommendation.  (July 8, 2024 Order.)  To date, Defendants have not appeared or responded to the motion.

## II.    DISCUSSION

### A.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021).  To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

---

[4] That affidavit of service states that counsel served "1) Order" on June 11, 2024 and refers to the exhibit, a mailing label addressed to both Defendants at the Corporate Address.  (ECF No. 16)

4

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

As a threshold matter, Plaintiffs purportedly move for default judgment "pursuant to [Rule] 55(b)(1)" (Mem., ECF No. 17-1 at 1), but later argue for liability and damages pursuant to Rule 55(b)(2) (*see id.* at 6). Therefore, Rule 55(b)(2) governs the motion, under which the Court exercises discretion "to determine the amount of damages or establish the truth of the plaintiff[s'] allegations." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011). But as discussed below, Plaintiffs' motion contains procedural deficiencies that make default judgment inappropriate. *First*, Plaintiffs have failed to comply with the statutory requirement under the Servicemembers Civil Relief Act to show that Reyes is not in military service. *Second*, Plaintiffs have failed to comply with the Local Civil Rules for default judgment motions. Instead, Plaintiffs should be granted leave to correct the deficiencies identified herein.

B.     **The Servicemembers Civil Relief Act**

Pursuant to the Servicemembers Civil Relief Act ("SCRA"), "[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro &*

5

*Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza v. Eagle Masonry Corp.*, No. 20-CIV-452 (AMD)(VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (citing *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 (ENV)(RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)); *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).  Failure to comply with these requirements is sufficient to deny default judgment. *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Here, Plaintiffs have not established their compliance with the SCRA.  While Quinayas's affidavit of service of the Complaint indicated that Reyes was not in military service at the time of service, Plaintiffs have not shown any efforts to verify Reyes's military service *after* the entry of default.  Without offering supporting facts, Plaintiffs have failed to show that any investigation into Reyes's military status has been conducted since he was served with process.  "'Plaintiff[s'] burden in this regard is not a heavy one, as the Department of Defense maintains a [SCRA] website for the purposes of, among other things, determining whether an individual is on active duty.'" *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *6 (E.D.N.Y. Sept. 14, 2024), *adopted by* 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024) (quoting *Pinela Jurado v. Sabor Hispano, Inc.*, No.

6

20-CIV-1104 (RPK)(VMS), 2021 WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021). On this record, the Court cannot find Plaintiffs' compliance with the SCRA. *See Tenemaza*, 2021 WL 8317120, at *5. Because Plaintiffs fail to demonstrate compliance with the SCRA, the Court respectfully recommends that the motion for default judgment against Reyes should be denied.

### C. Local Civil Rule 55.2

Even assuming SCRA compliance, Plaintiffs' motion also should be denied for failure to comply with the Local Civil Rules of this district. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 n.2 (2d Cir. 2006) (noting that a "district court has broad discretion to determine whether to overlook a party's failure to comply with local rules"); *see also Rhoden v. Mittal*, No. 18-CV-6613 (LDH)(SJB), 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements Local Rule 55.2 is a basis to deny a motion for default judgment."). First, Plaintiffs do not attach a proposed default judgment order to the motion papers seeking such judgment. *See* Local Civ. R. 55.2(a)(2) (requiring "a proposed order detailing the proposed judgment to be entered"). "Failure to attach [this document] to the motion could, in and of itself, be reason to deny a motion for default judgment." *Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK)(RER), 2023 WL 5152300, at *3 (E.D.N.Y. June 16, 2023), *adopted by* 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023).

Second, and more problematically, Plaintiffs fail to establish that they mailed the motion papers to either defendant consistent with the Local Rules. *See* Local Civ. R. 55.2(a)(3) (requiring default motion papers to include "a certificate of service stating that all documents in support of the request for default judgment . . . have been personally served on, or mailed to the last known residence [of] an individual defendant[] or business address [for] other defendants[]"). Plaintiffs' affidavit of service for the default motion papers states that they

7

served "the 07/08/2024 Court Order" on both Defendants at the Corporate Address on July 10, 2024.  (ECF No. 18.)  The only order the Court entered on July 8, 2024 was the order referring the default motion papers to the undersigned.  (July 8, 2024 Order.)  Nothing in that Order would provide Defendants with copies of any of the motion papers as required under the Local Civil Rules.  Further, "'[w]hile service of the Complaint at a business address is sufficient for [an individual defendant], when the plaintiff seeks default against [that individual], the motion for default judgment must be served at the person's last known residence.'"  *Perez v. Exquisito Rest. Inc.*, No. 23-CV-8707 (OEM)(MMH), 2025 WL 630138, at *4 (E.D.N.Y. Feb. 27, 2025) (quoting *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 WL 4271234, at *3 (E.D.N.Y. Sept. 19, 2024), *adopted by* Order Adopting R. & R., *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH) (Dec. 5, 2024)), *adopted by* Order Adopting R. & R., *Perez v. Exquisito Rest. Inc.*, No. 23-CV-8707 (OEM)(MMH) (Mar. 14, 2025).  Thus, even if Plaintiffs' affidavit documented service of the default motion papers, it would nevertheless fail to satisfy Local Civil R. 55.2(a)(3) because it does not show proof of service on Reyes's last known residential address.

Therefore, the Court respectfully recommends that the motion for default judgment should be denied as to all Defendants.[5]

---

[5] Plaintiffs' counsel is well aware of these types of deficiencies and the consequences for failure to comply with the Local Civil Rules.  *See, e.g.*, *Baez v. Mi Pueblo Corp.*, No. 23-CV-2097 (RER)(MMH), 2024 WL 4093473, at *3 (E.D.N.Y. Sept. 5, 2024) (recommending denial of counsel's request for default judgment for, *inter alia*, failure to comply with the SCRA and this Court's Local Civil Rules), *adopted by* 2024 WL 4648138 (E.D.N.Y. Sept. 30, 2024); *Koutlakis v. C P Grill Corp.*, No. 19-CV-1669 (DLI)(CLP), 2023 WL 7000847, at *2–3 (E.D.N.Y. July 12, 2023) (same), *adopted by* Order Adopting R. & R., *Koutlakis v. C P Grill Corp.*, No. 19-CV-1669 (DLI)(CLP) (E.D.N.Y. Aug. 25, 2023); *see also Oropeza v. Made in Mexico Uptown Corp.*, No. 24-CV-2236 (MKV), 2025 WL 41645, at *2 (S.D.N.Y. Jan. 6, 2025) (sanctioning counsel for continued failure to comply with "all applicable legal and procedural rules").

8

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for default judgment at ECF No. 17 should be **denied without prejudice** and with leave to renew to cure the deficiencies noted herein.

A copy of this Report and Recommendation is being served on Plaintiffs via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation and the summary docket sheet to Defendants at the following addresses forthwith: 25 Buena Vista Avenue, Second Floor, Lawrence, NY 11559; and c/o United States Corporation Agents, Inc., 7014 13th Avenue, Suite 202, Brooklyn, NY 11228.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Gonzalez. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 14, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge